1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HAROLD SHAMBURGER,

            Plaintiff,

            v.

M. DODSON, Correctional Sergeant and
A. MURPHY, Correctional Sergeant,

            Defendants.

_____

)
)
)
)
)
)
)
)
)
)
)
)
)

No. C 09-3745 JSW (PR)

**ORDER OF SERVICE;
DIRECTING DEFENDANT TO FILE
DISPOSITIVE MOTION OR
NOTICE THAT SUCH MOTION IS
NOT WARRANTED**

(Docket No. 2)

**INTRODUCTION**

      Plaintiff, a prisoner of the State of California currently incarcerated at Pelican Bay

State Prison, in Crescent City, California, has filed this pro se civil rights complaint

under 42 U.S.C § 1983 alleging that Defendants have interfered with his access to the

courts.  Plaintiff has also filed an application to proceed *in forma pauperis* which is

GRANTED in a separate order filed simultaneously.  This Court now reviews the

Complaint pursuant to 28 U.S.C. § 1915A and serves the complaint as set forth below.

**STANDARD OF REVIEW**

      Federal courts must engage in a preliminary screening of cases in which prisoners

seek redress from a governmental entity or officer or employee of a governmental entity.

28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the

complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or

1  fails to state a claim upon which relief may be granted," or "seeks monetary relief from a

2  defendant who is immune from such relief." *Id.* § 1915A(b).  Pro se pleadings must be

3  liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

4  1990).

5  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:

6  (1) that a right secured by the Constitution or laws of the United States was violated, and

7  (2) that the alleged violation was committed by a person acting under the color of state

8  law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

9  Prisoners have a constitutional right of access to the courts. *Lewis v. Casey,* 518

10  U.S. 343, 350 (1996).  To establish a claim for any violation of the right of access to the

11  courts, the prisoner must prove that there was an inadequacy in the prison's legal access

12  program that caused him an actual injury. *See id.* at 350-55.  To prove an actual injury,

13  the prisoner must show that the inadequacy in the prison's program hindered his efforts to

14  pursue a non-frivolous claim concerning his conviction or conditions of confinement. *Id.*

15  at 354-55.

16  Having reviewed the complaint, the Court finds Plaintiff's allegations, when

17  liberally construed, state a cognizable claim that Defendants violated his right to access

18  the courts by stealing his legal affidavits.  While Plaintiff does not establish in the

19  pleadings currently before the court the actual injury suffered, his allegations are

20  sufficient to warrant service of the complaint on Defendants.

**CONCLUSION**

22  For the foregoing reasons, the Court orders as follows:

23  1. The Clerk of the Court shall issue summons and the United States Marshal

24  shall Clerk of the Court shall issue summons and the United States Marshal shall serve,

25  without prepayment of fees, a copy of the Complaint and all attachments thereto, and a

26  copy of this order upon: **Pelican Bay Correctional Sergeants M. Dodson and A.**

27

28

1  **Murphy** at **Pelican Bay State Prison.**  The Clerk shall also <u>mail a courtesy copy of the</u>

2  <u>Complaint, all attachments thereto, and this order to the California Attorney General's</u>

3  <u>Office</u> and serve a copy of this order on Plaintiff.

4      2.  No later than **sixty (60) days** from the date of this order, Defendant shall either

5  file a motion for summary judgment or other dispositive motion, or a notice to the Court

6  that he/she is of the opinion that this matter cannot be resolved by dispositive motion.

7  The motion shall be supported by adequate factual documentation and shall conform in

8  all respects to Federal Rule of Civil Procedure 56.

9          a.  If Defendant elects to file a motion to dismiss on the grounds that

10  Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C.

11  § 1997e(a), Defendant **shall** do so in an unenumerated Rule 12(b) motion pursuant to

12  *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 & n.4 (9th Cir. 2003).

13          b.  Any motion for summary judgment shall be supported by adequate

14  factual documentation and shall conform in all respects to Federal Rule of Civil

15  Procedure 56.  **Defendant is advised that summary judgment cannot be granted, nor**

16  **qualified immunity found, if material facts are in dispute.  If Defendant is of the**

17  **opinion that this case cannot be resolved by summary judgment, she/he shall so**

18  **inform the Court prior to the date the summary judgment motion is due**.

19      All papers filed with the Court shall be promptly served on the Plaintiff.

20      3.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and

21  served on Defendant no later than **thirty (30) days** from the date Defendant's motion is

22  filed.

23          a.  In the event the Defendant files an unenumerated motion to dismiss

24  under Rule 12(b), Plaintiff is hereby cautioned pursuant to *Wyatt v. Terhune*, 315 F.3d

25  1108, 1119-20 & n.4 (9th Cir. 2003):

26          If defendants file an unenumerated motion to dismiss for failure to
            exhaust, they are seeking to have your case dismissed.  If the motion is

27

28
                                    3

1   granted it will end your case.
        You have the right to present any evidence you may have which
2   tends to show that you did exhaust your administrative remedies.  Such
    evidence may be in the form of declarations (statements signed under
3   penalty of perjury) or authenticated documents, that is, documents
    accompanied by a declaration showing where they came from and why
4   they are authentic, or other sworn papers, such as answers to
    interrogatories or depositions.
5       If defendants file a motion to dismiss and it is granted, your case
    will be dismissed and there will be no trial.

6
        b.  In the event Defendant files a motion for summary judgment, the Ninth
7
Circuit has held that the following notice should be given to pro se Plaintiffs:
8
        The defendants have made a motion for summary  judgment by
9   which they seek to have your case dismissed.  A motion for summary
    judgment under Rule 56 of the Federal Rules of Civil Procedure will, if
10  granted, end your case.
        Rule 56 tells you what you must do in order to oppose a motion for
11  summary judgment.  Generally, summary judgment must be granted when
    there is no genuine issue of material fact--that is,  if there is no real dispute
12  about any fact that would affect the result of your case, the party who
    asked for summary judgment is entitled to judgment as a matter of law,
13  which will end your case.  When a party you are suing makes a motion for
    summary judgment that is properly supported by declarations (or other
14  sworn testimony), you cannot simply rely on what your complaint says.
    Instead, you must set out specific facts in declarations, depositions,
15  answers to interrogatories, or authenticated documents, as provided in Rule
    56(e), that contradict the facts shown in the defendants' declarations and
16  documents and show that there is a genuine issue of material fact for trial.
    If you do not submit your own evidence in opposition, summary judgment,
17  if appropriate, may be entered against you.  If summary judgment is
    granted in favor of defendants, your case will be dismissed and there will
18  be no trial.

19  *See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to

20  read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477

21  U.S. 317 (1986) (holding party opposing summary judgment must come forward with

22  evidence showing triable issues of material fact on every essential element of his claim).

23  Plaintiff is cautioned that failure to file an opposition to Defendant's motion for summary

24  judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and

25  granting of judgment against Plaintiff without a trial.  *See Ghazali v. Moran*, 46 F.3d 52,

26  53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

27

28                                              4

1        4. Defendant <u>shall</u> file a reply brief no later than **fifteen (15) days** after Plaintiff's

2  opposition is filed.

3        5. The motion shall be deemed submitted as of the date the reply brief is due.  No

4  hearing will be held on the motion unless the Court so orders at a later date.

5        6. All communications by the Plaintiff with the Court must be served on

6  Defendant, or Defendant's counsel once counsel has been designated, by mailing a true

7  copy of the document to Defendants or Defendant's counsel.

8        7. Discovery may be taken in accordance with the Federal Rules of Civil

9  Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or

10  Local Rule 16-1 is required before the parties may conduct discovery.

11        8. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

12  Court informed of any change of address and must comply with the court's orders in a

13  timely fashion.  Failure to do so may result in the dismissal of this action for failure to

14  prosecute pursuant to Federal Rule of Civil Procedure 41(b).

15        IT IS SO ORDERED.

16  DATED:  January 25, 2010

17

_____

JEFFREY S. WHITE

18  United States District Judge

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

HAROLD B. SHANBURGER,

            Plaintiff,

  v.

M DODSON et al,

            Defendant.

                             /

Case Number: CV09-03745 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 25, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Harold B. Shamburger
D-16530
P.O. Box 7500
CrescentCity, CA 95531

Dated: January 25, 2010

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk