IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HAROLD SHAMBURGER, | ) | No. C 09-3745 JSW (PR) |
| | ) | |
| Plaintiff, | ) ) ) | **ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS; ON PENDING MOTIONS** |
| v. | ) ) | |
| M. DODSON, Correctional Sergeant and A. MURPHY, Correctional Sergeant, | ) ) ) | |
| Defendants. | ) ) | (Docket Nos. 19, 23, 27, 31-34, 36, 37) |
| _____ | | |

### INTRODUCTION

This is a civil rights case filed by a *pro se* prisoner pursuant to 42 U.S.C. § 1983. Plaintiff Harold Shamburger claims that Defendants M. Dodson and A. Murphy, Correctional Sergeants at Pelican Bay State Prison, violated his right of access to the courts. Defendant Murphy moves for summary judgment on the ground that there are no material facts in dispute and that he is entitled to judgment as a matter of law. Plaintiff has opposed the motion, and Murphy has replied.[1] The Court has also considered the objections by both parties to the evidence submitted by the other side.

For the reasons set out below, Defendant Murphy's motion for summary judgment is GRANTED. For the reasons discussed below, Defendant Dodson is

---

[1] Murphy originally filed a reply brief on October 29, 2010 (docket number 29), but later filed an "errata" reply brief on January 14, 2011 (docket number 39). In ruling on his motion for summary judgment, the Court has only considered the latter, superceding brief.

similarly situated to the Murphy with respect to Plaintiff's claims, and summary judgment is GRANTED in his favor. Plaintiff's pending motions are also addressed below.

## BACKGROUND

In his complaint, Plaintiff claims that Defendants violated his right of access to the courts by stealing three "affidavits with exhibits" during a search of his cell on February 2, 2007. (Compl. at 3.) He alleges that he needed these documents for two habeas corpus petitions filed in 2007 the Santa Clara County Superior Court challenging his 1984 murder conviction. (*Id.* at 3, Ex. A.) The petitions were denied in October and December of 2007. (*Id.*)

The following facts are based on the parties' declarations and accompanying exhibits. The facts are undisputed except where otherwise noted.

In February 2007, Defendants Murphy and Dodson, both investigator's for PBSP's Gang Intelligence Unit, were part of a team that searched cells in an area of PBSP's Security Housing Unit known as the "Short Corridor," where inmates identified by prison officials as high-ranking gang members are housed. (Murphy Decl. ¶¶ 2-4). Plaintiff's cell is on the Short Corridor because prison officials have identified him as a "ranking member" of the prison gang known as the "Black Guerilla Family." (*Id.*) Murphy and Dodson searched Plaintiff's cell on February 2, 2007, and, pursuant to the ordinary procedure for such searches, removed all of the property in the cell, including "legal paperwork," so that it could be reviewed for gang-related information. (*Id.* at ¶ 5, Exs. 1 & 2.) According to Murphy and the records of the search, after Plaintiff's property was reviewed, all of it was returned to Plaintiff except for one book and one booklet, both about the Black Guerilla Family. (*Id.* at ¶ 6, Ex. 2.) These two items were sent to gang investigation officials in Sacramento for further review. (*Id.* at ¶ 6.)

The records attached to Plaintiff's declaration, which are the records of his administrative grievance on this issue, indicate that four items of property were not

returned to him:[2] two books identified by Mr. Murphy, a "confidential memorandum" prepared by prison officials of an interview they conducted with a different inmate, and a memorandum concerning gang activity at another prison. (Pl. Decl. Ex. A at 2-3.) Plaintiff states in his declaration that Defendants also "stole" four affidavits, by William Bell, Vanessa Tole-Carr, Paul Jones and Doug Fryman.[3] (Pl. Decl. at ¶¶ 11-15.) These affidavits are not included among the items not returned to Plaintiff in the records regarding the search submitted by Plaintiff or Defendants.

Plaintiff states that the affidavits by Mr. Bell and Ms. Tole-Carr substantiated a claim that the prosecutor knowingly presented the false testimony of a witness named Johnnie Johnson. (*Id.* at ¶ 12.) According to Plaintiff, Mr. Bell and Ms. Tole-Carr were present when Darryl Carr (Ms. Tole-Carr's husband) told the prosecutor that Mr. Johnson was a liar. (*Id.* at ¶ 12.) Plaintiff also states that Mr. Jones in his affidavit "corroborated" the fact that Mr. Johnson was a liar, although he does not describe how or what Mr. Jones's affidavit said. (*Id.*) Finally, Plaintiff states that Mr. Fryman would have "substantiated" Plaintiff's claim that a juror, Sharon Martin, knew the victim and victim's girlfriend, although again Plaintiff does not state what Mr. Fryman said or how he would have substantiated such a claim. (*Id.* at ¶ 15). According to Plaintiff, these affidavits cannot be replaced because he does not know where Ms. Tole-Carr or Mr. Lyman are, Mr. Bell is deceased, and Mr. Jones is an inmate whose correspondence to Plaintiff has been blocked by prison officials because it contained gang-related

---

[2] According to these records, initially nine items of property were confiscated and five of those were later returned to Plaintiff, leaving four items that were never returned to Plaintiff. (Pl. Decl. Ex. A at 2-3). These four items consisted of the book and booklet identified by Murphy, and the two memoranda described above. (*Id.* at 2.)

[3] At one point in his declaration, like in his complaint, Plaintiff states that they stole "three" affidavits, but he then lists four individuals whose affidavits went missing. (Pl. Decl. at ¶ 11.) Further confusing matters is that he initially includes Darryl Carr in this list instead of four affiants (*id.*), but when he describes the missing affidavits and their relevance to his murder case, he includes one by Mr. Fryman but not none by Mr. Carr (*id.* at ¶¶ 12-15). For these reasons, the Court assumes for purposes of this order that Plaintiff is asserting that four affidavits were stolen, including one by Mr. Fryman.

3

communications. (*Id.* at ¶ 12, Ex. H).

Plaintiff filed two habeas petitions in the state courts in 2007 challenging his 1984 murder conviction.[4] (Compl. Ex. A.) The first was denied on October 11, 2007, on three grounds: it raised issues that had been decided previously, a purported "newly discovered" declaration (by a woman named Dalia Bulnes) was not in fact new, and it was untimely. (*Id.*) The second petition was denied on December 17, 2007, because it was untimely and because the claims were based on affidavits that were not submitted with the petition. (*Id.*)

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and [that] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is material if it might affect the outcome of the lawsuit under governing law, and a dispute about such a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Generally, the moving party bears the initial burden of identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. The burden then shifts to the nonmoving party to "go beyond the pleadings, and by his own affidavits, or by the 'depositions, answers to interrogatories, or admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477

---

[4]His direct appeals of the convictions were denied many years earlier.

4

U.S. at 324 (citations omitted). When the moving party bears the burden of proof and persuasion on an issue at trial, it must at summary judgment "show that 'the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Shakur v. Schriro*, 514 F.3d 878, 890 (9th Cir. 2008).

The court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a disputed material fact. *See T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). The evidence must be viewed in the light most favorable to the nonmoving party, and the inferences to be drawn from the facts must be viewed in a light most favorable to the nonmoving party. *See id.* at 631.

A verified complaint may be used as an opposing affidavit under Rule 56, as long as it is based on personal knowledge and sets forth specific facts admissible in evidence. *See Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (treating plaintiff's verified complaint as opposing affidavit where, even though verification not in conformity with 28 U.S.C. § 1746, plaintiff stated under penalty of perjury that contents were true and correct, and allegations were not based purely on his belief but on his personal knowledge). Plaintiff's complaint was signed under penalty of perjury and therefore may be considered in deciding the motion for summary judgment.

## II.     Plaintiff's Claim

Plaintiff claims that Defendants violated his right to access the courts by stealing affidavits that he wanted to use to pursue an appeal of his conviction. Defendant Murphy contends in his motion that he is entitled to summary judgment because on the undisputed facts he did not violate Plaintiff's right of access to the courts.

Prisoners have a constitutional right of access to the courts. *Lewis v. Casey,* 518 U.S. 343, 350 (1996). To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. *See id.* at 350-55. To prove an actual injury,

the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. *Id.* at 354-55.

Murphy is entitled to summary judgment for two reasons. First, there is no genuine dispute of fact as to whether or not Defendants stole Plaintiff's affidavits, as Plaintiff claims. It is undisputed that Defendants initially removed all of Plaintiff's property, including his legal papers, for the search. However, the records of the search indicate that prison officials returned everything except for, at most, two books about the Black Guerilla Family, and two memoranda concerning gang activity. (*See* Murphy Decl. ¶¶ 5-6, & Exs. 1 & 2; Pl. Decl. Ex. A at 2-3.) There is no dispute that none of these four items were related to Plaintiff's state habeas petitions, let alone that they were the affidavits to which Plaintiff refers.

While Plaintiff states in his declaration that Defendants "stole" his affidavits, this statement is unsupported by any records, other documentary evidence, or other admissible evidence. Plaintiff's documentary evidence -- the records of his administrative appeals -- show that the only property not returned to Plaintiff were the two books and two memoranda about gang activity. (Pl. Decl. Ex. A at 2-3.) Plaintiff offers declarations by three inmates stating that they overheard Plaintiff complain to prison staff that the affidavits were missing when his property was returned. (*Id.* Ex. D.) These are inadmissible hearsay statements, however, because Plaintiff offers them to show the truth of the matter that was overheard, i.e. that the affidavits were in fact not returned. *See* Fed. R. Evid. 801. As these statements are inadmissible hearsay, they may not be considered on summary judgment. *See Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002) (inadmissible hearsay may not be considered on summary judgment motion). Plaintiff's assertion that Defendants did not return the affidavits to him does not, without any supporting admissible evidence, create a "genuine" factual dispute to whether Defendants stole the affidavits from him particularly in light of the records indicating that the property kept from Plaintiff did not include the affidavits.

Secondly, Plaintiff has failed to create a genuine issue of material fact as to whether or not the Defendants caused Plaintiff any actual injury. Examples of actual

injury include a prisoner whose complaint was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known, and a prisoner who was so stymied by the inadequacies of the library that he was unable even to file a complaint.  *See Lewis*, 518 U.S. at 351; *see, e.g., Hebbe v. Pliler*, No. 07-17265, slip op. 18591, 18601 (9th Cir. Nov. 19, 2010) (plaintiff demonstrated that denying him law library access while on lockdown resulted in "actual injury" because he was prevented from appealing his conviction).

Plaintiff was able to file both his state habeas petitions.  The latter petition was denied on December 17, 2007, because it was untimely, as well as because the supporting affidavits were not included. (Compl. Ex. A.)  Plaintiff's prior state habeas petition was also denied as untimely to the extent it did not present claims and evidence that had already been rejected. (*Id.*)  Even assuming both that Defendants stole Plaintiff's affidavits and that these were same as the affidavits that were missing from the second state petition, Plaintiff's state habeas petitions were still untimely.  Plaintiff has not shown or supplied any evidence that the affidavits would have established the petitions' timeliness under California law.  He refers to the affidavits as "new" evidence, but he does not submit any evidence that they are new or that they could not have been discovered earlier with due diligence, much less does he cite to any authority that they qualify for an exception to California's timeliness rules.  In the absence of any evidence that the petitions would have been accepted as timely with the affidavits, there is no genuine issue of material fact as to whether Defendants' alleged actions caused them to be denied or otherwise caused Plaintiff "actual injury" in violation of his right to access the courts.

Moreover, while Plaintiff claims that the affidavits substantiated his claims of prosecutorial and juror misconduct on their merits, he has far from established that this was the case.  Bell and Tole-Carr's affidavits, as described by Plaintiff, do not "establish" that Mr. Johnson's testimony was false or that the prosecutor knew it to be false, only that Mr. Carr thought it was false.  There is no indication, let alone evidence,

7

as to how Mr. Fryman would have "substantiated" Plaintiff's claim that a juror knew the victim, or as to how Mr. Jones would have "corroborated" Mr. Johnson's status as a "known liar."

Even viewing all of the evidence in a light most favorable to Plaintiff, he has failed to create a genuine issue of material fact as to whether Defendants failed to return his affidavits or caused him any actual injury. Consequently, Defendant Murphy's motion for summary judgment will be granted. Moreover, the allegations against Dodson are the same as those against Murphy, and there is no suggestion in the complaint or any of the papers filed by the parties that the analysis of Plaintiff's claims differs with respect to the two Defendants. Consequently, summary judgment will be granted in Dodson's favor as well. *See Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery*, 44 F.3d 800, 803 (9th Cir. 1995) (affirming district court's granting summary judgment in favor of non-appearing defendant, where plaintiff, in response to motion filed by defendant who had appeared, had "full and fair opportunity to brief and present evidence" on dispositive issue as to claim against non- appearing defendant).

### III. Plaintiff's Motions

After Defendant Murphy filed his reply to the opposition to the motion for summary judgment, Plaintiff filed a number of motions seeking to conduct discovery in order to respond to the reply. Plaintiff has no right to respond to the reply brief. He claims that Murphy "unfairly" raised "new" arguments in his reply, but the arguments in the reply simply respond to the arguments and evidence raised in Plaintiff's opposition and supporting declaration. Moreover, Plaintiff had ample time to conduct discovery and oppose the motion for summary judgment prior to filing his opposition: he was granted permission to conduct discovery in the Order of Service, approximately nine months before the opposition was filed. He has shown no reason that this was an insufficient amount of time.

The discovery and arguments Plaintiff seeks to include in a supplemental reply are, moreover, unnecessary. Plaintiff's motion to file a response to the reply (docket number 32), motion for an extension of time to conduct discovery (docket number 33),

8

and motion to compel (docket and 34) seek to obtain and present evidence that his inmate witnesses could, from their cells, see Defendants search Plaintiff' cell and return his property, and could overhear the conversations between Plaintiff and prison staff about his missing property. Plaintiff does not need to present such evidence, even if he had a right to do so, because the Court has not relied on Murphy's argument that they could not see or overhear these things in granting summary judgment.

Plaintiff's other motions, for an evidentiary hearing and to order the state court to produce documents (docket numbers 36 and 37),[5] seek to respond to the argument in Murphy's reply that it is unclear whether the affidavits referred to by the state superior court in denying Plaintiff's state petition on December 17, 2007, were the same affidavits that Plaintiff claims were stolen by Defendants. The Court has assumed in this order that the affidavits were the same, but for the reasons discussed above Plaintiff has not created a genuine issue of material fact as to whether Defendants actually stole the affidavits or caused Plaintiff an actual injury. As a result, there is no need for an evidentiary hearing or an order to produce documents on this issue.

Accordingly, Plaintiff's motions seeking to respond to the reply and for discovery will be denied.

## CONCLUSION

For the foregoing reasons, Defendants are entitled to judgment as a matter of law on Plaintiff's claims. Defendant Murphy's motion for summary judgment (Docket No. 19) is GRANTED and summary judgment is also GRANTED in favor of Defendant Dodson.

Plaintiff's motion for an extension of time to file an opposition (docket number 23) is GRANTED. His motion to file a response (docket number 32) to Defendant's original reply brief, his request for an extension of time to do so (docket number 33), and his motion to compel (docket number 34) are DENIED. His motion for an order to

---

[5]Plaintiff seeks the state court's December 17, 2007, Order denying his habeas petition, which he already presented here (*see* Complaint, Ex. A), and a motion for reconsideration in that case, which he could get from the state court itself.

9

produce documents, and for an evidentiary hearing (docket numbers 36 and 37) are DENIED.  His motions to appoint counsel (docket numbers 27 and 31) are DENIED because this case is not particularly complex nor was Plaintiff incapable of advancing his claims on his own.

The Clerk shall enter judgment, terminate all pending motions, and close the file.

IT IS SO ORDERED.

DATED:   03/03/11

JEFFREY S. WHITE
United States District Judge